982 So.2d 1227 (2008)
William J. NORKUNAS, individually, Appellant,
v.
STATE of Florida BUILDING COMMISSION, Wendy's International, Inc., and Interplan, LLC, Appellees.
No. 1D08-0739.
District Court of Appeal of Florida, First District.
May 27, 2008.
*1228 William G. Salim, Jr. of Moskowitz, Mandell, Salim & Simowitz, P.A., Fort Lauderdale, for Appellant.
James L. Richmond, Department of Community Affairs, Tallahassee, for Appellee State of Florida Building Commission; James H. Wyman of Hinshaw & Culbertson, LLP, Fort Lauderdale, for Appellee Wendy's International, Inc.; No appearance for Appellee Interplan, LLC.
PER CURIAM.
William J. Norkunas appeals a final order of the Florida Building Commission ("FBC") granting a requested waiver of the accessibility requirements of chapter 553, Florida Statutes. We dismiss the appeal for lack of standing.
Section 120.68(1), Florida Statutes (2007), provides for judicial review of administrative action and states that "[a] party who is adversely affected by final agency action is entitled to judicial review." Thus, there are four requirements for standing to seek judicial review of final agency action under the Administrative Procedure Act: (1) the action is final; (2) the agency is subject to provisions of the act; (3) the person seeking review was a party to the action; and (4) the party was adversely affected by the action. See Legal Envtl. Assistance Found., Inc. v. Clark, 668 So.2d 982, 986 (Fla.1996). The first and second elements are not in dispute here. However, rather than being a "party" as the term is defined in section 120.52(12), Norkunas is in fact a member of the FBC, and cast the sole dissenting vote on the waiver application at issue. This circumstance obviously implicates the body of case law generally recognizing that a lower tribunal may not appeal its own order, but we need not consider whether a dissenting member of a collegial administrative tribunal may seek judicial review. Because appellant was not a party to the proceedings below, he is without standing to institute an appeal.
APPEAL DISMISSED.
BROWNING, C.J., VAN NORTWICK and LEWIS, JJ., concur.